IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-2287-CNS-STV

**KALEY CHILES**,

Plaintiff,

v.

**PATTY SALAZAR**, in her official capacity as Executive Director of the Department of Regulatory Agencies; et al.

Defendants.

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

## INTRODUCTION

By its passage of HB 19-1129 (the "Law"), Colorado exercised its regulatory authority over licensed and registered mental health professionals in the state to promote public health, safety, and safeguard the welfare of Colorado's minors by prohibiting the practice of conversion therapy on clients under the age of eighteen. If state regulators find that a mental health professional, licensed or registered with the State of Colorado has provided this harmful therapy to a minor—after regulators follow notice and hearing requirements set forth by the State Administrative Procedure Act—that licensee or registrant may be subject to disciplinary action.

Plaintiff argues that the Law censors her speech and limits her religious expression; however, these arguments misstate and misconstrue the Law. The Law regulates specific professional conduct to protect minor mental health clients from a dangerous modality of

therapy. The Law does not prohibit Plaintiff from engaging in discussions of sexuality or gender identity with minors, professionally or personally.

Because Plaintiff lacks standing in this matter under Fed. R. Civ. P. 12(b)(1) and has failed to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), this Court should grant Defendants' Motion to Dismiss Plaintiff's Complaint.

**I.  Plaintiff lacks standing to challenge the Law.**

In its Order denying Plaintiff's Motion for Preliminary Injunction, dated December 19, 2022, this Court determined that Plaintiff has standing to bring her own claims but does not have standing to assert her minor clients' claims. Order at 9-10. Plaintiff contends that this Court's prior ruling concerning standing is binding "law of the case." Resp. at 2. But this Court is not bound by its previous ruling regarding Plaintiff's standing in a motion for a preliminary injunction. "[W]here the record reveals a colorable standing issue" this Court has a "'duty to undertake an independent examination' (*sua sponte* if necessary) of that issue." *United States v. Ramos*, 695 F.3d 1035, 1044 (10th Cir. 2012). Defendants respectfully maintain that Plaintiff has not established standing for herself and ask the Court to find that she does not have standing.

**A.  Plaintiff fails to meet her burden to demonstrate that she has suffered an injury-in-fact.**

Defendants incorporate and maintain prior arguments concerning Plaintiff's failure to establish standing under the standard set forth in *Peck v. McCann*, 43 F.4th 116 (10th Cir. 2022). Plaintiff fails to allege a credible threat of prosecution under the Act, as she does not point to any (1) evidence that she previously has engaged in the type of speech affected by the challenged government action; (2) affidavits or testimony stating a present desire to engage in such speech;

or (3) plausible claim that she presently has no intention to do so because of a credible threat of enforcement. *Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1089 (10th Cir. 2006).

In its prior Order, this Court found that Plaintiff "has engaged in the type of speech affected by the [] Law." Order at 6. Specifically, the Court found Plaintiff has engaged in therapy designed to "eliminate or reduce sexual or romantic attraction or feelings toward individuals of the same sex," which the Law prohibits, and in therapy providing "understanding for the facilitation of an individual's coping," which the Law permits. However, Plaintiff has not pleaded past engagement in conversion therapy, nor provided affidavits to that effect. Plaintiff asserts that she "cannot provide acceptance and support to a client who comes in for counseling and requests assistance in seeking not to act on unwanted same-sex attractions." Resp. at 4. This is not true; Plaintiff can provide support sexual-orientation-neutral support under the Law, including therapy to minors to support abstinence generally. Plaintiff alleges she wants to practice therapy based in exploration and understanding, not therapy that seeks to change a minor's sexual orientation or gender identity. Comp. ¶ ¶ 82, 87. Plaintiff fails to allege that she seeks to engage in conversion therapy as it is defined by the Law and therefore does not face a credible threat of enforcement.

**B. Plaintiff may not rely on a new, extraneous report attached to her Response.**

Plaintiff "cannot rectify [her] pleading deficiencies by asserting new facts in opposition to a motion to dismiss." *Smith v. Pizza Hut, Inc.*, 694 F. Supp. 2d 1227, 1230 (D. Colo. 2010); *see also Am. Cricket Premier League, LLC v. USA Cricket*, 445 F. Supp. 3d 1167, 1175 n.6 (D. Colo. 2020). In her Response, Plaintiff attaches and relies upon a new report to bolster her Complaint. *See* Exhibit A to Response. Plaintiff contends that she wishes to practice in

accordance with the guidelines described in this new report and the Law prohibits such conduct. Resp. at 5. But Plaintiff never argued this in her Complaint. "The nature of a Rule 12(b)(6) motion tests the sufficiency of allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); *see also Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003). Plaintiff "may not effectively amend [her] Complaint by alleging new facts in [her] response to a motion to dismiss." *In re Qwest Commc'n Int'l., Inc.*, 396 F. Supp. 2d 1178, 1203 (D. Colo. 2004). Accordingly, Plaintiff's submission and reliance upon a new report in her Response is inappropriate, untimely, and should not be considered. If this Court does consider the report, which it should not, Plaintiff's desire to practice in accordance with its "exploratory" approach still would not violate the Law.

**II.     Plaintiff has failed to state a claim upon which relief can be granted.**

Plaintiff has not sufficiently pleaded that: (1) she has provided—or will provide—conversion therapy to Colorado minors; 2) the Law has infringed upon her right to Free Speech; 3) the Law has infringed upon her right to Free Exercise; or 4) the Law has infringed upon her right to Due Process. Plaintiff's Complaint does not contain sufficient allegations to state a claim for relief that is plausible on its face. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Even assuming the allegations made in Plaintiff's Complaint are true, she fails to plead specific instances in which she has provided conversion therapy as defined under the Law. Plaintiff also does not allege facts demonstrating that she wishes to practice therapy that will change minor clients' sexual orientation or gender

identity. Rather, Plaintiff simply contends that the therapy she seeks to provide "does not seek to 'cure' clients of same-sex attractions or to 'change' clients' sexual orientation." Compl. ¶ 87.

### A. The Law regulates professional conduct by licensed or registered mental health professionals; any speech used by Plaintiff is incidental to her conduct as a licensee and withstands First Amendment scrutiny.

The Law's reasonable regulation of therapy, supported by the Colorado's interest in preventing suicidality and adverse mental health effects to minors, survives First Amendment scrutiny even if therapy incidentally involves speech. *Ohralik v. Ohio State Bar Ass'n,* 436 U.S. 447, 464 (1978). The Law does not prohibit Plaintiff and her minor clients from discussing sexual orientation or gender identity, or Plaintiff's views or religious beliefs on those subjects, so long as these discussions are therapeutically appropriate and pertain to the care of her minor patients.

Plaintiff argues that "the only conduct the government seeks to punish" [sic] is the 'fact of communication,' in violation of the First Amendment" and "[as] applied to talk counseling, Colorado cannot identify 'any separately identifiable conduct that the law would punish." Resp. at 11. Defendants incorporate by reference the prior arguments concerning these discussions amounting to speech that is incidental to the provision of therapeutic treatment. Concerning whether therapy is professional conduct, Plaintiff relies upon a variety of short quotations from decisions that are not binding upon this Court and are not persuasive.

Plaintiff cites a minute order from *Brokamp v. D.C.*, 2022 WL 681205 (2022), which is neither binding nor persuasive authority here. *Brokamp* relies upon *Otto v. Boca Raton*, 981 F.3d 854, 861 (11th Cir. 2020), for its professional conduct analysis, which this Court already has found unpersuasive in the face of other authority. Order at 16-17. Plaintiff also relies on the

Ninth Circuit's opinion in *Conant v. Walters*, 309 F.3d 629 (9th Cir. 2002), holding that "[p]hysicians must be able to speak frankly and openly to patients." Plaintiff asserts that counselors must be able to do the same. Resp. at 10-11 (citing *Conant*, 309 F.3d at 636). But *Conant* is not persuasive authority for Plaintiff's argument, as the doctors in that case, who faced regulatory action for recommending medical marijuana to patients, neither prescribed nor provided the marijuana. *Id*. at 635-36. Here, Plaintiff would be the provider of conversion therapy. Under the Law, Plaintiff—like the doctors in *Conant*—can speak openly and frankly about conversion therapy and refer minor clients who wish to change their sexual orientation or gender identity to a religious minister or other unregulated provider, but she herself cannot be the provider of that modality of therapy to minors.

Plaintiff also contends that "[s]peech is not conduct just because the government says it is." Resp. at 10. To minimize the practice of therapy as "pure speech" is an unreasonable oversimplification. The Mental Health Practice Act clearly defines the practice of psychotherapy as "treatment, diagnosis, testing, assessment, or counseling in a professional relationship to assist individuals or groups to alleviate behavioral and mental health disorders, understand unconscious or conscious motivation, resolve emotional, relationship, or attitudinal conflicts, or modify behaviors that interfere with effective emotional, social, or intellectual functioning." C.R.S. § 12-245-202(14)(a). Speech is used to conduct some aspects of therapy, and is therefore incidental to Plaintiff's practice, but practicing as a licensed professional counselor or licensed addiction counselor in Colorado is not an act of pure speech.

Plaintiff goes so far as to assert that the Law would enable Colorado to suppress Free Press. Resp. at 11. To support this claim, Plaintiff cites *Miami Herald Publ'g Co. v. Tornillo*,

418 U.S. 241, 256-58 (1974). *Tornillo* concerned a "right of reply" statute that would require the newspaper to print responses to editorials that the newspaper may not necessarily have wanted to publish. The Supreme Court found that this infringed upon its right to Free Press. *Id*. at 256-58. *Tornillo* is inapplicable to this case and offers no binding precedent upon this Court.

The Law does not prohibit Plaintiff from speaking about sexual orientation or gender identity or conversion therapy itself; rather, it prohibits Plaintiff from practicing this dangerous modality of therapy on minors to change their sexual orientation or gender identity.

### B. Plaintiff fails to state a claim that the Law violates her First Amendment Free Exercise rights.

The Law is neutral and generally applicable in that it applies to all licensed and registered mental health practitioners in Colorado regardless of their religious or secular affiliations. It does not target a religious practice; rather, it regulates a therapeutic modality for minors, and exempts religious ministers from this regulation. C.R.S. §§ 12-245-217; 12-245-224(1)(t)(V). The law satisfies more rigorous levels of scrutiny as well, as explained in detail in Defendants' previous briefing, but Defendants focus on rational basis review.

Under such review, Plaintiff fails to state a claim that it violates her First Amendment Free Exercise rights. "A law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993).

Plaintiff identifies nothing in the Law or in its legislative history that would indicate a burden on a particular religion or support her contention that the Law targets a religious practice. Resp. at 12. The Law does not prohibit "religious conduct while permitting secular conduct that

undermines the government's asserted interests in a similar way." *Kennedy v. Bremerton Sch. Dist.*, 142 S. Ct. 2407, 2422 (2022). And there are no individual exemptions to the Law for licensed or registered mental health providers in Colorado. *Cf. Emp. Div., Dep't of Hum. Res. of Or. v. Smith*, 494 U.S. 872, 884 (1990) ("where the State has in place a system of individual exemptions, it may not refuse to extend that system to cases of 'religious hardship' without compelling reason"). All licensed and registered providers in Colorado are subject to the Law.[1]

Plaintiff refers to her Complaint, citing research and publications, which alleges that conversion therapy is primarily, but not exclusively, sought for religious reasons as support for her argument that the Law is not neutral. Resp. at 12 (citing Compl. ¶¶ 39-41). But even if these studies imply an adverse impact on religion—and they do not—an adverse impact "will not always lead to a finding of impermissible targeting." *Lukumi*, 508 U.S. at 535. Here, Colorado has a legitimate and important state interest in protecting the safety and well-being of minors in the state and prohibiting a harmful therapy known to increase suicidality in minors.[2] Colorado is not, as Plaintiff claims, "picking ideological winners and losers" based on the Law's exemption of counseling for minors *already* undergoing gender transition. C.R.S. § 12-245-202(3.5)(b)(II);

---

[1] Plaintiff cites *New Hope Family Services., Inc. v. Poole* to support her argument that the Law is designed to fall "almost exclusively on" those with an unspecified religious belief. Resp. at 12 (citing *New Hope Fam. Servs., Inc. v. Poole*, 966 F.3d 145, 169 (2nd Cir. 2020)). *New Hope*, which considered New York State's closure of a Christian adoption agency where closure was not authorized by New York law, is inapplicable here. Colorado's Law falls equally on all licensed and registered mental health providers and there is no history of Colorado enforcing the Law against providers who practice certain religions.

[2] Plaintiff's discussion of *Brown v. Ent. Merchants Ass'n*, 564 U.S. 786, 803 (2011), arguing that Defendants cannot rely upon cases analyzing harm to minors is not applicable in this case. Resp. at 16-17. The Law does not restrict the information to which minors are exposed and addresses therapy, not words and images.

Resp. at 13 (citing *Wollschlaeger v. Governor, Fla.*, 848 F.3d 1293, 1328 (11th Cir. 2017) (Pryor, J., concurring)). Allowing for the therapeutic care of a minor client who has already made an independent decision concerning their gender and is undergoing transition is not an individualized exemption, but rather an objective, categorical distinction that serves the purposes of the Law: not engaging in harmful therapy to change a minor's sexual orientation or gender identity, but rather, engaging in therapy which provides for exploration and development. *Axson-Flynn v. Johnson*, 356 F.3d 1277, 1298 (10th Cir. 2004).

### C. The hybrid rights doctrine does not apply in this case.

Plaintiff contends that she has stated "colorable" claims under two constitutional theories, Free Speech and Free Exercise, that trigger strict scrutiny under the hybrid-rights doctrine. Resp. at 13. But the hybrid-rights doctrine[3] does not apply here because Plaintiff has failed to state a claim that any of her First Amendment rights are abridged by the Law. The Law is a neutral law of general applicability and does not infringe on another constitutionally protected right. To warrant heightened scrutiny, the Tenth Circuit requires that a plaintiff establish "a 'fair probability, or a likelihood,' of success on the companion claim" when challenging a statute under the Free Exercise clause where the law is neutral and generally applicable. *Axson-Flynn*, 356 F.3d at 1295. As discussed above, and as this Court already has found, Plaintiff failed to show a likelihood of success on the merits of her Free Speech claim here. Order at 29 n.14.

### D. The Law is neither overinclusive nor underinclusive.

---

[3] Defendants, as stated in their Response to Plaintiff's Motion for a Preliminary Injunction, do not concede that the hybrid-rights doctrine is a recognized, separate constitutional standard, and note that the Tenth Circuit has never applied it.

First, the Law is not overinclusive because it allows for a licensed counselor to engage in any therapeutic practice that is not seeking to change a minor client's sexual orientation and gender identity. The Law's sweep does not reach sexual-orientation neutral discussions of a client's "goals, objectives, religious or spiritual beliefs, values, desires, and identity," which is what the Plaintiff states she wishes to provide. Resp. at 4 (citing Compl. ¶ 84). Yet Plaintiff contends that under the Law, she "cannot provide acceptance and support to a client who comes in for counseling and requests assistance in seeking not to act on unwanted same-sex attractions." Resp. at 4. This is not so: The Law targets only conversion therapy, which is a defined term. C.R.S. § 12-245-202(3.5). The Law would not prevent supporting a minor client as Plaintiff wants to do.

Second, the Law's narrow tailoring to exempt religious ministers and other providers not subject to licensing or regulation from its provisions does not make it underinclusive. Religious ministers generally are excluded from Colorado's laws pertaining to mental health professional conduct standards, which strike a balance between Colorado's interests in preventing harm and respecting constitutional protections for religious exercise. *See* C.R.S. § 12-245-217. This tailoring does not render the Law underinclusive, as it applies to conduct practiced by professions that Colorado regulates. *See* C.R.S. § 12-245-202(3.5)(a), (b).

### E. The Law does not violate the Due Process Clause.

The Law is not unconstitutionally vague. Plaintiff has not shown, as she must, that the Law either fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits or that it authorizes or even encourages arbitrary and discriminatory

enforcement. *Hill v. Colorado*, 530 U.S. 703, 732 (2000); *see also United States v. Richter*, 796 F.3d 1173, 1188 (10th Cir. 2015).

Plaintiff herself acknowledges conversion therapy as a distinct practice "which aims to help the client towards a personally chosen goal of achieving or returning to comfort with his or her own biological sex" and "to change sexual orientation." Compl. ¶¶ 37, 74, 87. Her own Complaint shows that Plaintiff understands the term as it is used in the Law. Plaintiff's contention that "change" and "development"–words commonly used in the English language— are not understandable is unsupported. She relies on *Edge v. City of Everett* to argue that the terms are susceptible to the "subjective viewpoint of a law enforcement officer." 929 F.3d 657, 666 (9th Cir. 2019). But *Edge* itself, which vacated a district court's order of preliminary injunction against a coffee shop whose "bikini baristas" violated a dress code statute, acknowledges that "an otherwise permissible statute" will not be rendered unconstitutionally vague just because a plaintiff can envision a close case. *Id*. Here, Plaintiff does not even describe any possible close case. The Law is clear that "identity exploration and development, including sexual-orientation-neutral interventions to prevent or address unlawful conduct or unsafe sexual practices" is permitted under the Law. C.R.S. § 12-245-202(3.5)(b)(I).

### III. Conclusion

Plaintiff has not alleged previous engagement in, or a future desire to engage in, any prohibited conduct under the Law and fails to adequately support her claim for standing under Fed. R. Civ. P.. 12(b)(1). For the same reason, even construing the allegations in the Complaint as true, Plaintiff fails to state any Free Speech, Free Exercise, or Due Process Constitutional claim. Defendants' Motion to Dismiss under Fed. R. Civ. P.12(b)(6) should be granted.

Respectfully submitted this 17th day of

Respectfully submitted this 17th day of January, 2023.

                              PHILIP J. WEISER
                              Attorney General

                              */s/ Janna K. Fischer*
                              ***Robert W. Finke***, #40756*
                              First Assistant Attorney General
                              Telephone: 720-508-6376
                              Email: robert.finke@coag.gov

                              ***Janna K. Fischer***, #44952*
                              Assistant Attorney General
                              Telephone: 720-508-6374
                              Email: janna.fischer@coag.gov

                              *Abby Chestnut*, #51189*
                              Assistant Attorney General
                              Telephone: 720-508-6353
                              Email: abby.chestnut@coag.gov

                              *BBrianna S. Tancher*, #55177*
                              Assistant Attorney General
                              Telephone: 720-508-6404
                              Email: brianna.tancher@coag.gov
                              **Counsel of Record for Defendants*