IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-2287-CNS-STV

**KALEY CHILES,**

Plaintiff,

v.

**PATTY SALAZAR**, in her official capacity as Executive Director of the Department of Regulatory Agencies; et al.

Defendants.

---

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STAY [ECF No. 74]

---

Defendants Patty Salazar, Reina Sbarbaro-Gordon, Jennifer Luttman, Marykay Jimenez, Kalli Likness, Sue Noffsinger, Richard Cohan, Andrew Harris, Laura Gutierrez, Kristina Daniel, Halcyon Driskell, Crystal Kisselburgh, Erika Hoy, Ramzy Nagy, Leticia Smith, and Jonathan Culwell, (collectively referred to as "Defendants"), by and through undersigned counsel, the Office of the Attorney General, hereby submits the following *Response to Plaintiff's Motion to Stay*. In support thereof, Defendants state as follows:

1. On September 12, 2024, the Tenth Circuit affirmed this Court's denial of Plaintiff's Motion for Preliminary Injunction.

2. On September 30, 2024, Plaintiff moved for this Court to enter an order staying this matter pending resolution of a petition for writ of certiorari. However, to date, the Tenth Circuit has not issued its mandate.

3. Accordingly, the Tenth Circuit maintains control over the judgment of this Court until it issues its mandate. *See Alphin v. Henson*, 552 F.2d 1033, 1035 (4th Cir. 1977) (certiorari denied). This is because "[n]o opinion of [a] circuit becomes final until the mandate issues." *Nat. Rescs. Def. Council, Inc. v. Cnty. of Los Angeles*, 725 F.3d 1194, 1203 (9th Cir. 2013) (certiorari denied). As such, this Court does not currently have jurisdiction to issue the stay sought by Plaintiff.

4. Pursuant to Federal Rule of Appellate Procedure 41, seeking a stay pending a petition for writ of certiorari may be filed with court of appeals ahead of the issuance of its mandate. In this case, the motion to stay may be filed with the Tenth Circuit. Plaintiff has not filed a motion to stay in the Tenth Circuit case.

5. However, Plaintiff fails to provide any authority that supports seeking a stay with this Court ahead of the Tenth Circuit issuing its mandate. Seeking a stay with this Court is inappropriate and untimely.

6. "The conditions that must be shown to be satisfied" before the Tenth Circuit may stay its mandate are (1) "a likelihood of irreparable injury that, assuming the correctness of the applicants' position, would result were a stay not issued;" (2) "a reasonable probability that the Court will grant certiorari;" and (3) "a fair prospect that the applicant will ultimately prevail on the merits" *Planned Parenthood of Se. Pa. v. Casey*, 114 S. Ct. 909, 910 (1994).

7. Plaintiff does not provide support for these three factors. There is no showing that without a stay, Plaintiff will suffer an irreparable injury, nor evidence of a reasonable probability that the Supreme Court will grant certiorari. Further, now

two courts—this Court and the Tenth Circuit Court of Appeals—have found that Plaintiff is unlikely to prevail on the merits of her claims. *See* ECF 55 at 31; *Chiles v. Salazar*, No. 22-1445, --- F.4th --- slip op. at 85-86 (10th Cir. Sept. 12, 2024).

8. Even if, arguendo, this Court did have jurisdiction to issue a stay at this time, Plaintiff asks this Court to apply the wrong analysis to her request. Plaintiff cites *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:05–CV–01934, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (setting forth a standard for a stay of discovery pending resolution of a motion to dismiss at the district court). However, the proper standard for this Court to consider a stay pending appeal is set forth in *Nken v. Holder*, 129 S. Ct. 1749, 1756, 1761 (2009) (citations omitted): "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."

9. Although there is overlap between the two cases, Plaintiff asks this court to review a more casual standard. *See U.S. Sec. and Exch. Comm'n v. Reven Holdings, Inc.*, No. 22-cv-03181, 2024 WL 3691603, at *4 (D. Colo. Aug. 7, 2024) (the main difference between the *String Cheese* and *Nken* standards is that, under *Nken*, the requesting party is required to make a strong showing that they are likely to succeed on the merits of their appeal). Any request for stay requires

an analysis of whether Plaintiff has made a strong showing that she is likely to succeed on the merits. *Nken*, 129 S. Ct. at 1756.

10. As discussed above, holdings from two separate courts demonstrate that Plaintiff is **not likely** to succeed on the merits of her claims. *See* ECF 55 at 31; *Chiles v. Salazar*, No. 22-1445, --- F.4th --- slip op. at 85-86 (10th Cir. Sept. 12, 2024). Plaintiff has not provided other evidence to support this factor of the *Nken* analysis.

11. Courts typically have broad discretion in determining whether to issue a stay. *See United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003). However, the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC*, 2006 WL 894955, at *2. And for now, it is the Federal Rules of Appellate Procedure that dictate what the Plaintiff may seek in this case, as the Tenth Circuit has not yet issued its mandate. *See* Fed. R. App. P. 41.

12. At this time, Plaintiff moves to stay proceedings in a manner that is untimely and unsupported. Accordingly, Defendants ask that Plaintiff's motion be DENIED.

DATED at Denver, Colorado this 3rd day of October, 2024.

PHILIP J. WEISER
Attorney General

PHILIP J. WEISER
Attorney General

s/ Brianna S. Tancher

BRIANNA S. TANCHER, #55177*
Assistant Attorney General
Colorado Dep't of Law
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 8th Floor
Denver, CO 80203
Telephone: 720-508-6404
Email: brianna.tancher@coag.gov
*Attorney for Defendants*

ROBERT W. FINKE, #40756*
First Assistant Attorney General
Colorado Dep't of Law
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 8th Floor
Denver, CO 80203
Telephone: 720-508-6376
Email: robert.finke@coag.gov
*Attorney for Defendants*

JANNA K. FISCHER, #44952*
Senior Assistant Attorney General
Colorado Dep't of Law
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 8th Floor
Denver, CO 80203
Telephone: 720-508-6374
Email: janna.fischer@coag.gov
*Attorney for Defendants*

ABBY CHESTNUT, #51189*
Senior Assistant Attorney General
Colorado Dep't of Law
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 8th Floor
Denver, CO 80203
Telephone: 720-508-6353
Email: abby.chestnut@coag.gov
*Attorney for Defendants*