IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 22-cv-2287-GPG-STV

KALEY CHILES,

    Plaintiff,

v.

PATTY SALAZAR, in her official capacity as Executive Director of the Department of Regulatory Agencies, *et al.*,

    Defendants.

## ORDER

Before the Court is Plaintiff's Motion to Stay (D. 74). The Court GRANTS the requested stay in minor-part (staying the matter for thirty days or until resolution of a new motion to stay) and DENIES the requested stay in large-part WITHOUT PREJUDICE for the following reasons.

The facts and procedure of this action are well described in the Court's[1] prior Order (D. 55) denying a request for a preliminary injunction and will be repeated herein only as necessary to address the discrete issue of a stay. Plaintiff Kaley Chiles, a licensed professional counselor in the State of Colorado, challenges Colorado's Minor Therapy Conversion Law, C.R.S. §§ 12–245–202, 12–245–101, which prevents mental health professionals from engaging in what is commonly known as "conversion therapy" for minors who identify as gay, lesbian, bisexual, transgender, or

---

[1] This matter was recently reassigned to me upon the recusal of District Judge Charlotte N. Sweeney who previously presided over this action and penned the Order denying a preliminary injunction.

1

gender non-conforming. Plaintiff sought both preliminary and permanent injunctions enjoining enforcement of the law and a declaratory judgment that the law was unconstitutional under the United States Constitution (D. 1 at 45). A stand-alone motion for preliminary injunction was filed (D. 29), and the requested injunction was denied (D. 55).

Summarizing Judge Sweeney's Order with an extremely broad brush, the Court therein found that: (1) Plaintiff had standing to challenge the statute(s); (2) the Minor Therapy Conversion Law is a professional conduct regulation that does not discriminate on the basis of content or viewpoint; (3) the Minor Therapy Conversion Law survives rational basis review; and (4) and Plaintiff failed to meet her burden of showing a likelihood of success on the merits. Judge Sweeney finally observed that, "at the bare minimum, [children] are also entitled to a state's protection from therapeutic modalities that have been shown to cause longstanding psychological and physical damage" (*id*. at 32).

Plaintiff pursued, and lost, an interlocutory appeal regarding the denied preliminary injunction with the United States Court of Appeals for the Tenth Circuit. The Tenth Circuit discerned no error as to the District Court's determination that Plaintiff failed to show a likelihood of success on the merits as to her First Amendment Claims (D. 73-1 at 7).

Plaintiff moves to stay[2] this matter pending review by the United States Supreme Court (D. 74 at 1). This Court is aware that at least one other Circuit, *see Otto v. City of Boca Raton, Florida*, 981 F.3d 854 (11th Cir. 2020), has reached a contradictory position. However, the United States Supreme Court has not yet agreed to address the issue and denied certiorari in a matter

---

[2] By seeking to "stay" this matter, Plaintiff is not asking this Court to alter the Order regarding the denied preliminary injunction, but rather to halt other proceedings in this matter, e.g., discovery and a determination on a pending motion to dismiss (D. 52).

emanating from the 9th Circuit, *Tingley v. Ferguson*, No. 22-942, 144 S.Ct. 33 (Dec. 11, 2023). Plaintiff, in large-part, relies on application of the well-known *String Cheese* factors (D. 74 at 2-3) to support her argument in favor of a stay. Defendants oppose arguing that: (1) a motion to stay was premature as no Mandate had issued[3] and (2) Plaintiffs, by analyzing the matter under *String Cheese*, applied the wrong standard when analysis under *Nken v. Holder* was appropriate (D. 76). Defendants then engage in an extremely bare bones *Nken* analysis of their own (*id*.).

At this juncture, the Court need not determine whether analysis under *String Cheese* or *Nken* is appropriate and will leave that issue to potential additional briefing of the parties. The Court does note that, pending an appeal of an order granting or denying a preliminary injunction, the Court maintains jurisdiction to proceed to determine the action on the merits.[4] *See Free Speech v. Federal Election Com'n*, 720 F.3d 788, 791-92 (10th Cir. 2013). Yet, despite maintaining the ability to move forward, at the same time the Court wonders why proceeding on the merits is, to put it directly, a good idea at this juncture. The challenged statute remains in effect. The pending motion to dismiss raises many of the same issues addressed in the preliminary injunction context—particularly standing. And, at least at first blush, this matter would not seem to involve extensive discovery, setting aside the expert witness necessity. In large part, this case presents purely legal questions that have been briefed and argued before this Court and the Tenth Circuit. Absent a contrary ruling by the United States Supreme Court, and setting aside at least for the moment the

---

[3] This Court need not reach the issue of whether the motion to stay was premature vis-à-vis the Mandate as the Mandate issued on October 4, 2024 (*see* D. 77).

[4] Judge Sweeney's Order denying a preliminary injunction issued on December 19, 2022, and no party has seen fit to proceed on the merits since that time.

legal distinctions between a matter postured as a request for preliminary injunction and a motion to dismiss, the legal issue would appear decided by the Tenth Circuit (D. 73, 77).

It is therefore Ordered that the matter is STAYED for 30 days or until determination of a motion to stay, whichever comes first.

It is further Ordered that the parties SHALL fully confer as to the need and benefit(s) of proceeding on the merits of this action at this time and SHALL file an update with the Court or, in the alternative, a contested motion to stay, within 30 days.

DATED October 9, 2024.

BY THE COURT:

Gordon P. Gallagher
United States District Judge